IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| CAROL A. MOLLOY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| EQUABLE ASCENT FINANCIAL, LLC, JEFF D. HASENMILLER and FINKELSTEIN, KERN STEINBERG & CUNNINGHAM, ATTORNEYS, | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

CASE NO. 1:12-CV-39
JUDGE HAYNES

## PROPOSED CASE MANAGEMENT ORDER No. 1

Pursuant to LR 16.01(d) and this Court's Order dated May 16, 2012 (Docket No. 4), the parties jointly submit this Proposed Case Management Order No. 1 for the initial case management conference scheduled for Monday, July 23, 2012 at 3:00 p.m.

I. **Jurisdiction and Venue**

Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that actions arising under the Fair Debt Collection Practices Act ("FDCPA") may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and pursuant to 28 U.S.C. § 1331 which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

II. **Parties' Theories of the Case**

1. **Plaintiff's Theory of the Case:**

Plaintiff avers that defendant, Equable Ascent Financial, LLC., filed a lawsuit through

the defendant law firm Finkelstein, Kern, and Cunningham against Plaintiff on or about January 26, 2012, along with an affidavit signed by the defendant, Jeff D. Hasenmiller, dated August 9, 2010, in the Circuit Court for Giles County, Tennessee. A copy of this collection lawsuit and referenced affidavit were attached as Exhibit 1 to the Complaint. In response thereto, Plaintiff filed a Motion to Dismiss and a Sworn Denial wherein at #7 Plaintiff specifically disputed any account stated in the Giles County cause of action as invalid and without foundation. Please see Exhibit 1 to the Complaint filed in this cause of action. Plaintiff avers that this Complaint was filed and served in collection of an averred debt, and an attempt to collect a debt, and is a "communication" as defined by 15 U.S.C. § 1692(a)(2).

The collection lawsuit against plaintiff was based on two counts: "[1] Plaintiff advanced, loaned, or provided monies on account to the defendant in the amount of twenty-nine thousand, five hundred and three dollars, and ninety-nine cents ($29,503.99) as evidenced by a sworn account..." "[2] That demand has been made on the account but the account remains unpaid." Plaintiff avers that defendants monies advanced or loan claim was facially defective because no evidence of defendant, Equable Ascent Financial, LLC., ever advancing or loaning any money to plaintiff was ever produced. Further, plaintiff avers that defendant's sworn account claim was defective because this claim was knowingly based on false, deceptive, and misleading statements in the sworn affidavit filed with the complaint that intended to deceive the state court and plaintiff.

Plaintiff avers that the defendants did not provide any evidence including a signed contract, nor did they produce a qualified witness necessary to prove that plaintiff in fact owed the alleged debt. Plaintiff avers that the defendants suit requested not only the alleged amount of the debt but also included a request for interest, and attorney's fees not expressly authorized

2

by a signed agreement creating a debt or permitted by law.

Plaintiff avers that in intentionally making a business decision to not (a) obtain knowledge as to whether a written contract existed between the original creditor and plaintiff or other documentation showing when or how the debt was incurred, and (b) make a reasonable and adequate investigation as to whether plaintiff owed the amount of debt they were attempting to collect, prior to filing a collection lawsuit, defendants, Equable Ascent, Hasenmiller, and Finkelstein, Kern, Steinberg & Cunningham intentionally used a deceptive and misleading representation in connection with collection of the debt as to the amount of debt allegedly owed by plaintiff. Plaintiff avers that due to the defendants intentional decision not to research the alleged debt for documentary proof defendants falsely represented the character, amount, and legal status of the alleged debt in violation of 15 U.S.C. § 1692(a)(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt or attempt to collect a debt in violation of 15 U.S.C. §§ 1692e and 1692e(10). Further, plaintiff avers that in so doing the defendants communicated credit information to the circuit court, the general public, and the plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692(8).

Plaintiff further avers that by attempting to collect amounts in principal, interest, and attorney's fees not expressly authorized by an agreement creating the debt permitted by law, defendants violated 15 U.S.C. § 1692s(1).

Plaintiff avers that the statement in the complaint referenced that plaintiff owed monies plus interest and applicable attorney's fees was made based on a business decision to intentionally not obtain knowledge concerning whether a contractual relationship existed

3
Case 1:12-cv-00039 Document 15 Filed 07/20/12 Page 3 of 11 PageID #: 105

between the plaintiff and the original creditor, or obtain any other documentation showing when or how the debt was incurred. In intentionally failing to conduct a reasonable and adequate investigation as to whether plaintiff owed the amount of debt Defendants were attempting to collect, with the use of deceptive and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that defendants had attempted to properly calculate the amount owed prior to filing the complaint when in fact defendants had intentionally made no effort to do so, and the amount of debt alleged as owed was not authorized by an agreement creating the debt or permitted by law Defendants acted in violation of 15 U.S.C. §§ 1692e(5), 1692e(10). The intentional use by defendants of the form affidavits when there use is clearly in violation of the state law requirements for sworn accounts as found at Tenn. Code. Ann. § 24-5-107(a) is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt or attempt to collect a debt in violation of 15 U.S.C. §§ 1692e(5), 1692e(10), and is an unfair means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

Plaintiff avers that the named defendants violated the FDCPA in the instances referenced herein, and as further and more fully illustrated and enumerated in the content of plaintiff's complaint. Plaintiff avers that as a result of these violations of the FDCPA plaintiff is entitled to damages as set out in 15 U.S.C. § 1692k.

### 2. Defendant Equable Ascent Financial, LLC and Jeff D. Hasenmiller's Theory of the Case:

Plaintiff claims Equable Ascent Financial, LLC and Jeff D. Hasenmiller (collectively "Finklestein"), the purchaser of a debt owed to Washington Mutual, violated various provisions of the Fair Debt Collection Practices Act ("FDCPA") by failing to obtain and review trailing documents related to a debt Plaintiff owed to Washington Mutual prior to filing a debt collection suit against her

in the Circuit Court for Giles County, Tennessee. Plaintiff alleges, however, that Equable relied on Washington Mutual or an assignee of Washington Mutual as to the amount of the debt (Comp., ¶ 49), and computer records obtained by Equable from Washington Mutual or an assignee of Washington Mutual as to the amount of the debt (Comp., ¶ 57). Plaintiff has not denied that she owes the debt, but asserts only that Equable did not have adequate proof of the debt at the time it filed suit.

Equable denies its actions in this matter violated the FDCPA in any manner. In *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324 (6th Cir. 2006), the Sixth Circuit Court of Appeals held that the filing of a lawsuit without the immediate means of proving the debt does not violate the FDCPA. Such actions do not have the natural consequence of harassing, abusing, or oppressing a debtor and is not a deceptive practice under the FDCPA. *Id.* at 332-33. Equable further denies that Equable, its agents, employees, and/or representatives engaged in any false, misleading, or deceptive conduct, or any other conduct which would entitle Plaintiff to any of the damages she seeks.

3. **Defendant Finklestein, Kern, Steinberg & Cunningham's Theory of the Case:**

Plaintiff claims Finklestein, Kern, Steinberg & Cunningham ("Finklestein"), who represented Equable, violated various provisions of the Fair Debt Collection Practices Act ("FDCPA") by failing to obtain and review trailing documents related to a debt Plaintiff owed to Washington Mutual prior to filing a debt collection suit against her in the Circuit Court for Giles County, Tennessee. Plaintiff has not denied that she owes the debt, but asserts only that Finklestein did not have adequate proof of the debt at the time it filed suit.

Finklestein denies its actions in this matter violated the FDCPA in any manner. In *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324 (6th Cir. 2006), the Sixth Circuit Court of Appeals held that the filing of a lawsuit without the immediate means of proving the debt does not violate the FDCPA. Such actions do not have the natural consequence of harassing, abusing, or oppressing a

debtor and is not a deceptive practice under the FDCPA. *Id.* at 332-33. Finklestein further denies that Finklestein, its agents, employees, and/or representatives engaged in any false, misleading, or deceptive conduct, or any other conduct which would entitle Plaintiff to any of the damages she seeks.

### III. Schedule of Pretrial Proceedings

#### A. Rule 26(a)(1) Disclosures

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days of the initial case management conference.

#### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of the party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of the case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

#### C. Other Pretrial Discovery Matters

As determined at the case management conference on Monday, July 23, 2012, this action is set for a jury trial on _August 27, 2013 at 9:00_

If this action is to be settled, the Law Clerk shall be notified by noon, Friday, _August 23, 2013_ If the settlement is reached thereafter resulting in the non-utilization of

jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held on Monday, _August 12, 2013_, at _3:00 p.m._ A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on **January 18, 2013**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **January 18, 2013**. All discovery related statements shall be filed by the close of business on **January 30, 2013**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and Daubert motions shall be filed by the close of business on **April 23, 2013**, and any response thereto shall be filed by the close of business on **May 23, 2013**. Any reply shall be filed by the close of business on **May 30, 2013**.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

[2] Strict compliance is required to Rule 8(b)(7), Local Rules of Court (effective March 1, 1994) relating to motions for summary judgment.

The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

By the close of business on **December 28, 2012**, the plaintiff shall declare to the defendants (not to file with the Court) the identity of his expert witnesses and provide all information specified in Rule 26(a)(2)(B).

By the close of business on **January 25, 2013**, the defendant shall declare to the plaintiff (not to file with the Court) the identity of its expert witnesses and provide all information specified in Rule 26(a)(2)(B).

Any supplements to the expert reports shall be filed by the close of business on **February 25, 2013** There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

For expert witnesses, the expert's Fed. R. Civ. P. 26(a)(2) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing

party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule I 2(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED:**

ENTERED this the 23rd day of July, 2012.

WILLIAM J. HAYNES, JR.
United States District Judge

**APPROVED FOR ENTRY:**

/s/ Russell L. Leonard
Russell L. Leonard (#014191)
315 N. High Street
Winchester, TN 37398
Telephone: (931) 962-0447
Facsimile: (931) 962-1816
rleonard@netcomsouth.com

*Attorney for Plaintiff Carol A. Molloy*


/s/ Alan D. Leeth
Alan D. Leeth (#022358)
R. Frank Springfield (BPR # 025833)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
aleeth@burr.com
fspringf@burr.com