IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| CAROL A. MOLLOY,<br><br>Plaintiff,<br><br>v.<br><br>EQUABLE ASCENT FINANCIAL, LLC,<br>JEFF D. HASENMILLER and<br>FINKELSTEIN, KERN STEINBERG &<br>CUNNINGHAM, ATTORNEYS,<br><br>Defendants. | CIVIL ACTION NO.:<br>1:12-CV-39 |

## AGREED PROTECTIVE ORDER

This lawsuit is currently in discovery, and it appears that such discovery will involve the disclosure of personal, confidential, trade secret, proprietary, technical, business and/or financial information (hereinafter referred to collectively as "confidential information" or "confidential material"). Accordingly, it appearing that all of the parties consent to entry of this Agreed Protective Order, and for good cause, it is further ORDERED AS FOLLOWS:

1. All confidential information in this case shall be used solely for the purpose of this litigation and for no other purpose. In no event shall any person receiving confidential information use it for commercial or competitive purposes, make any public disclosure of the contents thereof, or use it in any other litigation, other than in conjunction with prosecuting or defending this litigation.

**EXHIBIT 1**

2. If any answer given or document produced in response to any discovery in this case contains any confidential information, the responding party may mark such information or document as "CONFIDENTIAL." Any information or document so marked shall not be disclosed to any person except as may be permitted by this Order. The designation of any information as "CONFIDENTIAL" shall be made in good faith.

3. This Agreed Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to confidential information.

4. The aforesaid designation as to documents shall be made by placing a rubber stamp impression, label or other mark of the word "CONFIDENTIAL" on each page of the document which the designating party wishes to designate as confidential. All documents so designated shall be labeled prior to the transmission of a physical copy thereof to the receiving party. Any and all medical records received by virtue of responses to subpoena or by production requests supplied by either party shall be assumed confidential. No designation as "CONFIDENTIAL" is necessary for purposes of this order.

5. The parties may designate portions of deposition testimony as "CONFIDENTIAL" by so designating such testimony before, during or after the deposition. If testimony is designated as "CONFIDENTIAL," the designating

party will clearly state on the record the reason for such designation. Simply denominating testimony as confidential is insufficient for purposes of this Order. The designation of testimony as confidential will not render the entire deposition as confidential. Only the specific portion of the testimony will receive a preliminary confidential designation. If testimony is designated as confidential following the deposition, said designation must be made no later than 15 days after receipt of said deposition transcripts. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "CONFIDENTIAL" testimony is and shall remain confidential and shall not be disclosed except as provided in this Order; the copies of any transcript, reporter's notes, or other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, or delivered to attorneys of record, or filed under seal with the Court.

6. Subject to the provisions below, information and documents designated as "CONFIDENTIAL" shall be disclosed only to the Court, the trier of fact, the parties, their attorneys, witnesses or potential witnesses and persons assisting counsel. As used herein, the term "parties" includes the parties' officers, directors and employees in a management capacity. As used herein, the phrase "persons assisting counsel" shall mean clerks, paralegals and secretaries in the regular employ of the parties' counsel, as well as any expert whose technical advice

is being or will be used in connection with this litigation, either in preparation for trial or in the trial itself.

7. If any party or attorney for any party in this litigation desires to give, show, make available or communicate any information or document designated "CONFIDENTIAL" to any person, other than the Court, the trier of fact, or a party, such as to a person assisting counsel or to any witness, potential witness and/or expert witness, the attorney or party shall first give a copy of this Agreed Protective Order to such person, who shall read this Agreed Protective Order, be fully familiar with its provisions, and execute the attached affirmation.

8. Inadvertent production of any document or material without a designation of "CONFIDENTIAL" will not be deemed to waive a party's claim as to its confidential nature or estop the party from so designating the particular document or material as confidential at a later date. Disclosure of such document or material by any party prior to such designation, however, shall not be deemed in violation of the provisions of this Order.

9. The Agreed Protective Order shall not, in itself, be construed to waive any applicable privilege, work-product protection, or other protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege, work-product protection, or other protection.

10. With respect to any information or document, or portion thereof, which has been designated "CONFIDENTIAL," any party may at any time serve a written notice of objection to such designation. Counsel shall attempt to resolve the dispute informally. If no agreement can be reached, counsel may move the Court for an Order denying confidential treatment to the documents or information in question. If such a motion is filed, the documents and/or information shall be kept confidential pending a ruling on the motion. The party asserting confidentiality has the burden to prove that the documents and/or information deserve such treatment.

11. Before filing any information that has been designated "CONFIDENTIAL" with the Court, or any pleadings, motions, or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal the documents designated "CONFIDENTIAL."

12. After the termination of this action, the restrictions on communications and disclosures provided for herein shall continue to be binding upon the parties and upon all of the persons to whom documents, answers to interrogatories, deposition transcripts or other items of discovery designated as "CONFIDENTIAL" or material contained herein have been communicated or disclosed pursuant to the provisions of this Agreed Protective Order or any other order of the Court. Further, all documents designated as "CONFIDENTIAL," including all copies which may have been disclosed to expert witnesses, shall be returned to the party producing it or destroyed.

13. This Agreed Protective Order is intended to provide a mechanism for the handling of confidential documents and information. It is not intended by the parties to act as a waiver of the right to object to any disclosure of information or production of any documents they deem confidential on any grounds they may deem appropriate, including, without limitation, confidentiality, relevance or privilege. Further, the provisions of this Agreed Protective Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

14. Nothing in this Agreed Protective Order shall preclude any of the parties from otherwise seeking a modification of this Agreed Protective Order.

Done this _19th_ day of _November_, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

**AGREED TO BY:**

*s/ Russell L. Leonard*
Russell L. Leonard (BPR # 014191)
315 N. High Street
Winchester, TN 37398
Telephone: (931) 962-0447

Attorney for Plaintiff
CAROL A. MALLOY


*s/ Alan D. Leeth*
Alan D. Leeth (BPR # 022358)
R. Frank Springfield (BPR # 025833)
John Nefflen (BPR # 20226)

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
aleeth@burr.com
fspringf@burr.com

BURR & FORMAN, LLP
700 Two American Center
3102 West End Ave.
Nashville, TN 37203
Telephone: (615) 724-3237
Facsimile: (615) 724-3337
jnefflen@burr.com
Attorneys for Defendants
EQUABLE ASCENT FINANCIAL, LLC & JEFF HASENMILLER